UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,    CRIMINAL NO. 25-20748

v.    HON. MARK A. GOLDSMITH

ARRON HOWARD,

    Defendant.

_____/

**Government's Sentencing Memorandum**

Arron Howard decided to exploit a global pandemic to illicitly enrich himself. He did so after amassing several prior convictions and while he was still serving a state probationary sentence. In executing his criminal scheme, Howard submitted dozens of fraudulent third-party unemployment insurance claims across the country, causing at least $626,960 in fraudulent benefits to be disbursed.

Howard's sentencing guideline range is 33-41 months' imprisonment. For the reasons discussed below, the government recommends a sentence of **33 months' imprisonment**.

I.    **Facts and Procedural History**

On October 2, 2025, Howard was charged in an information with one count of wire fraud. On November 6, 2025, Howard entered a guilty plea to that charge

1

pursuant to a Rule 11 plea agreement. (ECF No. 10.)

In the plea agreement, the parties jointly recommended that the Court apply a sentencing enhancement for a loss of more than $550,000 but less than $1.5 million. (*Id*. at PageID.27.) The government also recommended that Howard receive a guideline reduction for his acceptance of responsibility in this matter. (*Id*. at PageID.25-26.)

The Probation Department found the same guideline enhancements and reductions as the parties, and determined a total offense level of 18, a criminal history category of III, and an advisory guideline range of 33-41 months' imprisonment. (PSR ¶¶ 22-41, 80.)

## II. Section 3553(a) Factors

The Supreme Court has noted that, in formulating the Sentencing Guidelines, the U.S. Sentencing Commission's goal is to carry out the objectives of 18 U.S.C. § 3553(a). *United States v. Rita*, 551 U.S. 338 (2007). While advisory, the Guidelines remain an important factor in fashioning a just sentence. This is because "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 350. Moreover, the guidelines "should be the starting point and the initial benchmark" for choosing a defendant's sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007).

Thus, the starting point here is 33-41 months imprisonment. (PSR ¶ 80.)

### a. The Nature and Circumstances of the Offense

Unemployment insurance fraud is a significant problem in both our local community and nationwide. Estimates indicate that during the Covid-19 pandemic, as much as $135 billion in unemployment benefits were fraudulently issued. Madeleine Ngo, *Pandemic Fraud May Have Robbed Unemployment Insurance of $135 Billion,* N.Y Times (September 12, 2023), https://www.nytimes.com/2023/09/12/us/politics/pandemic-fraud-unemployment-insurance.html

Here, Howard has admitted to submitting dozens of bogus third-party unemployment claims in exchange for a cut of the fraudulent benefits that were paid.

### b. History and Characteristics of the Defendant

To his credit, in many regards, Howard appears to have risen above a difficult upbringing. He has a lengthy employment history and has recently found considerable success in his own entrepreneurial activities. (PSR ¶¶ 68-74.)

Unfortunately, however, this is not Howard's first run-in with the criminal justice system. Notably, Howard was serving a state probationary sentence for marijuana possession at the time of the instant offense. (PSR ¶ 41.) And that was not the first time Howard served a state probationary sentence for marijuana activity. (PSR ¶ 33.) Howard has also served a prior state probationary sentence for a firearms offense. (PSR ¶ 38.)

This is also not the first time Howard has been convicted of a financial crime: In 2013, Howard was convicted for having engaged in retail embezzlement. (PSR ¶ 34.)

Howard has also incurred multiple traffic violations. (PSR ¶¶ 33, 35, 36, 37.) And Howard appears to have had two traffic warrants outstanding for several years. (PSR ¶¶ 43-44.)

Howard's prior interaction with the criminal justice system, which does not appear to have resulted in any notable period of incarceration, did not deter him from engaging in this fraud.

### c. Seriousness of the Offense, Promotion of Respect for the Law, and Just Punishment for the Offense

This is a serious offense. Unemployment insurance fraud steals from honest taxpayers. Such schemes also make it more difficult for deserving claimants to receive needed benefits.

A custodial sentence is needed to reflect the seriousness of the offense, promote respect for the law, and ensure a just punishment.

### d. Adequate Deterrence and Protection of the Public

Government benefit fraud is both highly lucrative and frequently undetected. It is this combination that makes general deterrence a particularly important objective in this case. *See United States v. Heffernan*, 43 F.3d 1144, 1149 (7th Cir. 1994) ("Considerations of (general) deterrence argue for punishing more heavily

4

those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the punishment required to deter it.").

Furthermore, as the Sixth Circuit has recognized, "[b]ecause economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence." *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013) (citations omitted).

An unambiguous message of deterrence should be sent to others who might be tempted to steal significant amounts of government benefits: a substantial prison sentence awaits you.

Furthermore, a substantial custodial sentence also appears to be required to deter Howard from continuing to engage in additional criminal conduct as prior non-custodial sentences have proven ineffective.

> e. **Providing Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner; Kinds of Sentences Available and the Need to Avoid Unwarranted Sentencing Disparities**

The Bureau of Prisons has the expertise to classify and send Howard to the appropriate facility.

According to the PSR, during the last five fiscal years, after excluding defendants who received a § 5K1.1 departure motion, 96% of § 2B1.1 defendants with the same offense level and criminal history as Howard received a prison

5

sentence. (PSR ¶ 106.) The median custodial sentence imposed was 30 months' imprisonment. (*Id.*)

### III. Restitution

Under the Mandatory Victims Restitution Act, restitution is required as Howard's offense involved fraud and deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). In his plea agreement, Howard agreed to a total restitution payment of $626,960.88. (ECF No. 10, PageID.30-31.)

### IV. Conclusion

Arron Howard victimized the government and honest taxpayers. For the reasons discussed above, the Court should impose a sentence of 33 months' imprisonment.

> Respectfully submitted,
>
> JEROME F. GORGON JR.
> United States Attorney
>
> s/Andrew J. Yahkind
> Assistant United States Attorney
> 211 W. Fort Street, Suite 2001
> Detroit, MI  48226
> Phone: (313) 226-9565
> E-Mail: andrew.yahkind@usdoj.gov

Dated: February 11, 2026

## Certificate of Service

I certify that on February 11, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Scott Smith
Attorney for Arron Howard

I also certify that I will, on today's date, email a copy of the foregoing document to Alexander Roberts, the assigned probation officer in this matter.

s/Andrew J. Yahkind
Andrew J. Yahkind
Assistant U.S. Attorney
United States Attorney's Office
